

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

___

*Bernard J. Cooney*  
*George L. Brandley*  
*Assistant United States Attorneys*

*970 Broad Street, 7th Floor*  
*Newark, New Jersey 07102*

BJC/PL AGR
2018R01264

*Via Email*                                                                December 14, 2023

Robert G. Stahl, Esq.
Law Offices of Robert G. Stahl, LLC
53 Cardinal Dr., 3rd Floor
Westfield, NJ 07090

     Re: <u>Plea Agreement with Jeffrey Tamulski</u>

Dear Mr. Stahl:

  This letter sets forth the plea agreement between your client, Jeffrey Tamulski, and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **December 28, 2023**, if it is not accepted in writing by that date. If Jeffrey Tamulski does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

  Conditioned on the understandings specified below, this Office will accept a guilty plea from Jeffrey Tamulski to a one-count Information charging him with conspiring to receive illegal remunerations contrary to the federal Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b)(1)(A), in violation of 18 U.S.C. § 371. If Jeffrey Tamulski enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Jeffrey Tamulski for, during the time period of in or about January 2017 through in or about September 2019, his role in conspiring to receive kickbacks and bribes from certain clinical laboratories located in Texas, Mississippi, and Georgia in exchange for referrals of orders for genetic tests. In addition, if Jeffrey Tamulski fully complies with this agreement, at sentencing, this Office will move to dismiss Count 2 of the Indictment, *U.S. v. Ellis, et al.*, Crim. No. 19-693, against Jeffrey Tamulski.

  But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain

any other charges against Jeffrey Tamulski even if the applicable statute of limitations period for those charges expires after Jeffrey Tamulski signs this agreement, and Jeffrey Tamulski agrees not to assert that any such charges are time-barred.

<u>Sentencing</u>

The violation of 18 U.S.C. § 371 to which Jeffrey Tamulski agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the office, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Jeffrey Tamulski is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Jeffrey Tamulski ultimately will receive.

Further, in addition to imposing any other penalty on Jeffrey Tamulski, the sentencing judge as part of the sentence:

(1) will order Jeffrey Tamulski to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order Jeffrey Tamulski to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) may order Jeffrey Tamulski, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); and

(5) pursuant to 18 U.S.C. § 3583, may require Jeffrey Tamulski to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Jeffrey Tamulski be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Jeffrey Tamulski may be sentenced to not more than two

years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision and may be sentenced to an additional term of supervised release.

Forfeiture

As part of Jeffrey Tamulski's acceptance of responsibility, Jeffrey Tamulski agrees to forfeit the following to the United States of America, pursuant to 18 U.S.C. § 982(a)(7), all property, real or personal, Jeffrey Tamulski obtained that constitutes or was derived, directly and indirectly, from gross proceeds traceable to the conspiracy to receive kickbacks and bribes in violation of the Anti-Kickback Statute, as charged in the Information, and all property traceable to such property, in an amount to be determined before sentencing.

Jeffrey Tamulski further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, entitling the United States to forfeit substitute assets equal to the aggregate value of the forfeitable property described above (the "Money Judgment"). Jeffrey Tamulski consents to the entry of an order requiring Jeffrey Tamulski to pay the Money Judgment, in the manner described below (the "Order"), and agrees that the Order will be final as to Jeffrey Tamulski prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Jeffrey Tamulski's full name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. Jeffrey Tamulski agrees that this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Jeffrey Tamulski by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States

Probation Office of: (1) this agreement; and (2) the full nature and extent of Jeffrey Tamulski's activities and relevant conduct with respect to this case.

Stipulations

This Office and Jeffrey Tamulski will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Jeffrey Tamulski waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Jeffrey Tamulski understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Jeffrey Tamulski understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Jeffrey Tamulski wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Jeffrey Tamulski understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, Jeffrey Tamulski waives

any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Jeffrey Tamulski also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Jeffrey Tamulski. So, this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Jeffrey Tamulski from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

[*remainder of page left intentionally blank*]

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between Jeffrey Tamulski and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

          Very truly yours,

          PHILIP R. SELLINGER
          United States Attorney

*Bernard J. Cooney*
_____
By:  Bernard J. Cooney
      George L. Brandley
      Assistant United States Attorneys

APPROVED:

_____
Jason S. Gould
Chief, Health Care Fraud Unit

I have received this letter from my attorney, Robert G. Stahl, Esq., I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 1/10/2024
Jeffrey Tamulski

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date: 1/10/24
Robert G. Stahl, Esq.
*Counsel for Defendant Jeffrey Tamulski*

<u>Plea Agreement with Jeffrey Tamulski</u>

<u>Schedule A</u>

1.  This Office and Jeffrey Tamulski recognize that the United States Sentencing Guidelines ("the Guidelines") do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.  The version of the Guidelines effective November 1, 2023 applies in this case.

3.  The applicable guideline is U.S.S.G. § 2X1.1, which provides that the base offense level for any conspiracy is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. Because the substantive offense is a conspiracy to receive kickbacks and bribes, the applicable guideline is U.S.S.G. § 2B4.1.

4.  Under U.S.S.G. § 2B4.1, the base offense level is 8. U.S.S.G. § 2B4.1(a).

5.  Because this offense involved bribes totaling more than $1,500,000 but not more than $3,500,000, the Specific Offense Characteristic results in an increase of 16 levels. U.S.S.G. §§ 2B4.1(b)(1)(B) and 2B1.1(b)(1)(I).

6.  As of the date of this letter, Jeffrey Tamulski has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Jeffrey Tamulski's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

7.  As of the date of this letter, Jeffrey Tamulski has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Jeffrey Tamulski's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Jeffrey Tamulski enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Jeffrey Tamulski's acceptance of responsibility has continued through the date of sentencing and he therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Jeffrey Tamulski's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8.  If Jeffrey Tamulski establishes at sentencing that he both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a further two-level reduction in his offense level, resulting in a total

Guidelines offense level of 19; otherwise, Tamulski's total Guidelines offense level will be 21 (the "Total Offense Level").

9. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

10. If the term of imprisonment does not exceed 46 months (if U.S.S.G. § 4C1.1 does not apply) or 37 months (if U.S.S.G. § 4C1.1 applies), and except as specified in the next paragraph below, Jeffrey Tamulski will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 37 months (if U.S.S.G. § 4C1.1 does not apply) or 30 months (if U.S.S.G. § 4C1.1 applies), this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

11. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a) Any proceeding to revoke the term of supervised release.

(b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).