

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Bernard J. Cooney*  
*George L. Brandley*  
*Assistant United States Attorney*

BJC/PL MEMO  
2018R01264

*970 Broad Street, 7th Floor*  
*Newark, New Jersey 07102*

March 27, 2024

**BY ECF**

The Honorable Brian R. Martinotti  
United States District Judge  
Martin Luther King Building  
    & U.S. Courthouse  
50 Walnut Street  
Newark, New Jersey 07102

        Re:   *United States v. Jeffrey Tamulski,*  
                 Crim. No. 19-693 (BRM)

Dear Judge Martinotti:

      The Government respectfully writes in support of its unopposed motion under Fed. R. Crim. P. 48(a) to correct a typographical error in the Superseding Information and corresponding Plea Agreement filed yesterday, March 26, 2024, in connection with the defendant's guilty plea. Defendant consents to this motion.

      Specifically, the Government moves to strike and replace the name of the United States Attorney with the name of the Attorney for the United States for the District of New Jersey, Vikas Khanna, acting under authority of 28 U.S.C. § 515 (the "Attorney for the United States"), from the Superseding Information and Plea Agreement filed in this case (Docket Entries 213 (Superseding Information) and 217 (Plea Agreement)). The United States Attorney is recused from this case and his name was inadvertently included on the Superseding Information and Plea Agreement instead of the Attorney for the United States.

      The Government therefore moves to amend the Superseding Information to strike the words "the United States Attorney" in the preamble on page 1, the signature block for the United States Attorney on page 12, and the name of the United States Attorney on the backer for the Superseding Information, and replace each portion with the name and signature block for the Attorney for the United States, Vikas Khanna. Similarly, the government moves to amend the Plea

Agreement to strike the name and signature block of the United States Attorney on page 12 and replace that portion of the document with the name and signature block for the Attorney for the United States, Vikas Khanna. These proposed changes are reflected in Exhibit 1.

None of these proposed amendments affects the substantive allegations or charge of conviction. The remaining portions of the Superseding Information and Plea Agreement are unchanged.

"The government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). A Rule 48(a) motion is appropriate even after adjudication of guilt. *See Rinaldi v. United States*, 434 U.S. 22, 23 (1977) (defendant had been tried, convicted, and sentenced before Government moved for dismissal); *United States v. Hughes*, 726 F.3d 656, 663 (5th Cir. 2013) (finding district court abused its discretion by denying a motion to dismiss after a guilty plea was entered). A court's "discretion under Rule 48(a) is severely cabined," and refusal to allow dismissal is appropriate "only in the rarest of cases." *In re Richards*, 213 F.3d 773, 788, 786 (3d Cir. 2000).

Here, the United States Attorney is recused from the underlying matter and the Government inadvertently included his name on the Superseding Information and Plea Agreement. Accordingly, the proposed amendments merely correct that typographical error.

For all of these reasons, we respectfully ask the Court to grant the Government's motion to dismiss in order to amend the Superseding Information and Plea Agreement in accordance with the proposed changes described above.

Thank you for your consideration of this matter.

                Respectfully Submitted,

                VIKAS KHANNA
                United States Attorney
                Attorney for the United States
                Acting under Authority of
                28 U.S.C. § 515

                */s/ Bernard J. Cooney*
By:    Bernard J. Cooney
       George L. Brandley
       Assistant United States Attorneys

Encl.

cc:    Robert G. Stahl, Esq., *Counsel for Jeffrey Tamulski*

- 3 -